IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LaCORREY JOVON RUSSELL, #209472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-621-ECM |
| ) | (WO) |
| ) | |
| KARLA JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by LaCorrey Jovon Russell, an indigent state inmate. In the instant complaint, Russell alleges that the defendants acted with deliberate indifference to his safety by failing to protect him from an attack by other inmates on May 15, 2017. Doc. 1 at 3. Russell also challenges the conditions of his confinement. Doc. 1-1 at 1–2.

Pursuant to the orders of this court, the defendants filed a special report and supplemental special reports supported by relevant evidentiary materials, including affidavits and institutional records, in which they address the claims for relief presented by Russell. These materials appear to demonstrate that the defendants did not act with deliberate indifference to Russell's safety and that the conditions about which Russell complains do not violate the Eighth Amendment.

In light of the foregoing, the court issued an order directing Russell to file a response to the defendants' written reports. Doc. 48. The order advised Russell that his failure to

respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 48 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 48 at 1 (emphasis in original).  The time allotted Russell for filing a response in compliance with this order expired on February 25, 2019.  As of the present date, Russell has failed to file a requisite response in opposition to the defendant's written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  In sum, Russell is an indigent individual currently incarcerated in the Alabama prison system.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Russell's inaction in the face of the defendant's reports and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Russell's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes that Russell's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has

been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 16, 2019,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

  Done, on this the 2nd day of April, 2019.

                /s/ Susan Russ Walker
                Susan Russ Walker
                United States Magistrate Judge